**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

LARRY B. KNIGHT, #1002852,

                Petitioner,

v.                                          ACTION NO. 2:11-cv-00655

HAROLD W. CLARKE,
Director of the Virginia
Department of Corrections,

                Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

## I.  STATEMENT OF THE CASE

On April 25, 1995, Petitioner Larry B. Knight ("Knight") was convicted in the Circuit Court of the City of Norfolk of murder, use of a firearm in commission of a felony, burglary, and robbery.  He was sentenced to life imprisonment on the robbery conviction and an additional one-hundred sixteen (116) years on the remaining convictions, to be served consecutively. *Commonwealth v. Knight*, Docket No. 942588F08 & F10B.  Knight's appeal of his conviction to the Court of Appeals of Virginia, was denied by a single judge on December 12, 1995, and by a three-judge panel on February 28, 1996.  *Knight v. Commonwealth*, Record No. 0956-95-1.  The Supreme Court of Virginia refused Knight's appeal on June 20, 1996. *Knight v. Commonwealth*,

Record No. 960659.

On April 9, 2010, Knight filed a petition for writ of habeas corpus in the Circuit Court of the City of Norfolk, claiming a deprivation of due process as a result of the alleged failure of the Virginia Department of Corrections (VDOC) to correct Knight's prison records to reflect a mandatory parole release date. The circuit court dismissed the petition on June 28, 2010, holding initially that "[b]ecause Knight brought his petition well beyond the one-year statute of limitations, his petition is barred and must be dismissed." The circuit court then addressed the merits of the claim, finding that "[a] mandatory release date cannot be given to Knight as his total sentence includes a life sentence . . . ." *Knight v. Johnson*, CL10002741-00 (Norfolk Cir. Ct. June 28, 2010). The Supreme Court of Virginia refused Knight's petition for appeal from the circuit court's ruling on January 5, 2011. *Knight v. Johnson*, Record No. 101827.

Knight filed the present petition on December 8, 2011. ECF No. 1. Knight asserts he is entitled to relief under 28 U.S.C. § 2254 because he has been denied due process of law as a result of the VDOC's failure to correct his legal update sheet to reflect a mandatory parole release date. Respondent filed a Rule 5 Answer and Motion to Dismiss on March 9, 2012 (ECF Nos. 9 & 10), to which Knight replied on March 27, 2012 (ECF No. 14). Accordingly, this matter is ripe for adjudication.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Exhaustion

In order for this Court to address the merits of this habeas petition, all of Knight's claims must be exhausted. *See* 28 U.S.C. § 2254(b) (2006). The exhaustion requirement is satisfied when the "essential legal theories and factual allegations advanced in federal court . . . [are] the

same as those advanced at least once to the highest state court." *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), *aff'd*, 996 F.2d 1560 (4th Cir. 1993); *see also*, *Jones v. Sussex I State Prison*, 591 F.3d 707, 712-13 (4th Cir. 2010). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (*citing Brown v. Allen*, 344 U.S. 443, 447 (1953)); *see also Skipper v. French*, 130 F.3d 603, 610 n.4 (4th Cir. 1997). Knight's claims are exhausted because they were presented to the Supreme Court of Virginia in his post-conviction proceedings.

## B. Statute of Limitations

Knight's claims are barred, however, by the federal habeas statute of limitations. The statute of limitations for actions under 28 U.S.C. § 2254 is provided in 28 U.S.C. § 2244(d):

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; [or]
> > . . .
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (2006). §2244(d) is part of the Antiterrorism and Effective Death Penalty Act (AEDPA) which was signed into law on April 24, 1996. Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, §§101 (1996). Where proceedings or events that form

3

the factual predicate for a habeas petition occurred before April 24, 1996, the one-year limitations period begins on the date AEDPA was enacted and expires on April 24, 1997. *Hernandez v. Caldwell*, 225 F.3d 435, 438-39 (4th Cir. 2000).

First, the court must determine when the statute of limitations period began to run on Knight's claim. The Circuit Court for the City of Norfolk dismissed Knight's petition as untimely for Knight's failure to file within the state limitations period. The circuit court found that Knight's cause of action "accrued on July 25, 1995," the date "VDOC generated and forwarded to Knight's location his first legal update reflecting his current sentence." *Knight v. Johnson*, Case No. CL10-2741. Accordingly the court determined Knight "had until July 25, 1996 to file a state habeas petition challenging his time computation." *Id.* The Virginia Supreme Court affirmed this opinion when it refused Knight's petition for appeal. *Knight v. Johnson*, Record No. 101827.

The adoption of July 25, 1995 (or a date within a reasonably short time period thereafter) as the date the factual predicate of Knight's claim could have been discovered is warranted by the facts of this case. *See Wade v. Robinson*, 327 F.3d 328, 333 (4th Cir. 2003) (holding that the limitations period under §2244(d)(1)(D) begins on the date the factual predicate of an inmate's claim could have been discovered "through public sources"). Respondent's Exhibit III, the affidavit of Senior Time Computation Supervisor Donna M. Shiflett, shows "that 15 legal updates were generated for Knight between July 25, 1995 and July 20, 2009[,]" and that "[o]n each occasion, the Legal Update was forwarded to Knight's assigned institution for distribution to him." Resp't's Ex. III, ECF No. 11-7. Knight could have discovered his legal update sheet did not reflect a mandatory parole release date through the exercise of due diligence sometime after July 25, 1995 and certainly before November 19, 2009, the date Knight did discover this issue,

4

approximately fourteen years later.  Because July 25, 1995 is prior to the enactment of AEDPA, under *Hernandez*, Knight's federal limitations period began April 24, 1996 and expired April 24, 1997, almost thirteen years prior to the signing of Knight's state habeas petition and over fourteen years prior to the signing of Knight's federal habeas petition.  Accordingly, Knight's federal habeas petition is time-barred under 28 U.S.C. § 2244(d)(1)(D).

Furthermore, equitable tolling of the statute of limitations is inapplicable in this case. Although the federal limitations period can be subject to equitable tolling, the burden falls on the Petitioner to demonstrate that "(1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000).  Petitioner bears the strong burden of asserting specific facts to demonstrate both elements. *Id.*  Knight has made no argument for equitable tolling, nor has he asserted specific facts to demonstrate both elements.

## III.  <u>RECOMMENDATION</u>

For the foregoing reasons, the Court recommends the petition for writ of habeas corpus be DENIED as barred by the statute of limitations, and Respondent's motion to dismiss be GRANTED.

Furthermore, Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

## IV.  REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).


                                          _____/s/_____
                                          Tommy E. Miller
                                          United States Magistrate Judge


Norfolk, Virginia
May 31, 2012

## <u>CLERK'S MAILING CERTIFICATE</u>

A copy of the foregoing Report and Recommendation was forwarded this date to the

following:


Larry B. Knight, #1002852
Sussex II State Prison
24427 Musselwhite Dr.
Waverly, Virginia 23891

John Michael Parsons, Esq.
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219

                                   Fernando Galindo, Clerk


                                   By _____
                                        Clerk of the Court

                                           , 2012

7